

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-11-2006

# Igwe v. EI DuPont de Nemours

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-1621

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Igwe v. EI DuPont de Nemours" (2006). *2006 Decisions.* Paper 1124.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1124

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-1621
_____

GODWIN J. IGWE,
<u>Appellant</u>
vs.

E.I. DUPONT DE NEMOURS & COMPANY,
INCORPORATED
_____

On Appeal From the United States District Court
For the District of Delaware
(D.C. Civ. No. 03-cv-00839)
District Judge: Honorable Joseph J. Farnan
_____

Submitted Under Third Circuit LAR 34.1(a)
May 8, 2006
BEFORE: FISHER, ALDISERT and WEIS, <u>CIRCUIT JUDGES</u>
Filed: May 11, 2006
_____

OPINION
_____

PER CURIAM.

 Godwin J. Igwe appeals from the order of the United States District Court

for the District of Delaware granting the defendant's motion for summary judgment and

dismissing this action brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C.

§ 2000e ("Title VII"), 42 U.S.C. § 1981 ("§ 1981"), and state law.

1

**I.**

The factual and procedural history of this case is well known to the parties and need not be discussed at length here. Igwe filed a complaint, which was amended in December 2003, alleging that his employer, E.I. DuPont De Nemours & Company, Inc. ("DuPont"), discriminated against him on account of his race and national origin pursuant to Title VII, § 1981, and the Thirteenth Amendment. He claimed that DuPont discriminated against him when they did not promote him, transfer him, and pay him merit increases or bonuses from 1998 through the end of his employment in October 2002. Igwe also asserted that DuPont retaliated against him by terminating his position as Senior Research Engineer and by demoting him to Senior Information Scientist in 1998. Finally, Igwe alleged common law defamation. He sought damages and compensation for lost wages.

In September 2004, after discovery closed, DuPont filed a motion for summary judgment, to which Igwe filed a response. Upon consideration of the parties' written submissions, the District Court granted summary judgment for DuPont. The District Court held that the Title VII and § 1981 claims alleging Dupont's failure to promote or transfer Igwe or give him a raise or bonus lacked merit as a matter of law because Igwe failed to satisfy three prongs of the prima facie case set forth in McDonnell Douglas Corp., 411 U.S. 792 (1973). The District Court held that Igwe failed to allege specific facts to support his claim that he was qualified for promotions, noting that Igwe presented two documents that apply to research and development professionals, but not to

his job classification as a CIS employee. The District Court also determined that Igwe failed to establish that he had been subjected to an adverse employment action, noting that he failed to allege specific facts showing a change in compensation, core job duties, or benefits resulting from DuPont's failure to promote or transfer him or to give him a merit raise or bonus from 1998 through 2002. Finally, the District Court ruled that Igwe failed to identify any similarly situated person or persons from a non-protected class, who was treated more favorably than Igwe. The court also determined that Igwe failed to show that the circumstances of the alleged adverse employment actions gave rise to an inference of unlawful discrimination on account of race or national origin.

Turning to Igwe's retaliatory demotion claim, the District Court held that there was no record evidence establishing a prima facie case of retaliation under Title VII. The District Court also held that Igwe failed to demonstrate that DuPont violated the Thirteenth Amendment, and failed to support his state law defamation claim with sufficient evidence. On January 24, 2005, the District Court granted summary judgment in DuPont's favor as to all claims. Igwe timely appealed.

**II.**

We have appellate jurisdiction pursuant to 28 U.S.C. § 1291 and exercise plenary review over an order granting summary judgment. See Pub. Interest Research Group of N.J., Inc. v. Powell Duffryn Terminals, Inc., 913 F.2d 64 (3d Cir. 1990). Summary judgment is granted when "no genuine issue [exists] as to any material fact and [when] the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P.

3

56(c). We view the facts in the light most favorable to the nonmoving party and we draw

all inferences in that party's favor. See Reitz v. County of Bucks, 125 F.3d 139, 143 (3d

Cir. 1997). We will affirm the District Court's grant of summary judgment as to Igwe's

Thirteenth Amendment claim substantially for the reasons set forth in the District Court's

opinion. We will affirm as to Igwe's remaining claims as discussed below.

Although we agree with the District Court that summary judgment in

DuPont's favor was warranted with respect to Igwe's Title VII and § 1981 claims, we

reach that conclusion for different reasons. Assuming in Igwe's favor that he made out a

prima facie case of employment discrimination, we turn to whether he successfully

rebutted DuPont's proffer of legitimate non-discriminatory reasons for the alleged

adverse employment actions.[1] Proceeding under a "pretext" framework, a plaintiff who

establishes a prima facie case of discrimination must then demonstrate by a

preponderance of the evidence that the employer's legitimate, nondiscriminatory reason

---

[1] Igwe did not raise the termination of his research engineer position and alleged "demotion" to CIS as Title VII discrimination claim based on race or national origin. Igwe's termination was raised solely as a claim of retaliatory demotion. Even if a Title VII discrimination claims had been raised, we find nothing in this record indicating that the reason for terminating Igwe's Research Engineer position and re-assigning Igwe to a position for comparable pay in the CIS group was motivated by discriminatory animus. Igwe himself testified in his deposition that, in 1997, his job as a Senior Research Engineer in DuPont's Corporate Environmental Technology Group was eliminated because "they were closing Environmental - - they were - - the director that was working had no funding for an extra staff. So they needed to put me somewhere." DuPont's brief in support of summary judgment, Appdx. at A377. He admits that when he was transferred to Corporate Information Science Group ("CIS"), he stayed at a grade level 5, experiencing no change in base salary. Id. at A379-A380.

4

for taking an adverse employment action is merely pretextual, and that the true reason for the adverse employment decision was discrimination.  See Iadimarco v. Runyon, 190 F.3d 151, 166 (3d Cir. 1999).

DuPont explained that it did not promote Igwe to a Level 5A or give him a merit increase because his performance in CIS was consistently below par.  According to DuPont, bonuses were partially based on individual performance.  In 1999 and 2000, Igwe received a high enough score for individual performance, and thus he received a bonus.  In 2001 and 2002, his scores were too low.  Finally, DuPont presented evidence that, although Igwe openly stated that he wanted to be transferred to another position within DuPont, he failed to identify any position to which he might be transferred or for which he was under consideration, and thus there was nothing that his current manager could act on.

Because DuPont proffered legitimate reasons for their alleged failure to promote, transfer, or award merit raises and bonuses, Igwe was required to "point to some evidence, direct or circumstantial, from which a fact finder could reasonably either (1) disbelieve the employer's articulated legitimate reasons; or (2) believe that an invidious discriminatory reason was more likely than not a motivating or determinative cause of the employer's action."  Fuentes v. Perskie, 32 F.3d 759, 764 (3d Cir. 1994); see also Lowery v. Circuit City Stores, Inc., 206 F.3d 431 (4th Cir. 2000) (same standard for Title VII and § 1981 claims based on intentional discrimination).  This burden is met through a demonstration that such "weaknesses, implausibilities, inconsistencies, incoherencies, or

contradictions in the employer's proffered legitimate reason are such that a reasonable factfinder could rationally find them 'unworthy of credence.'" See id. at 765.

Igwe has not made this showing. He attempts to demonstrate that DuPont's reasons for taking the alleged adverse employment actions were a pretext for race/national origin discrimination by emphasizing that his negative performance evaluations, his placement on probation for poor performance, DuPont's denial of funding for his attendance at a conference, and its practice of excluding him from projects were wrong. This court has held that "it is not enough for a plaintiff to show that the employer's decision was wrong or mistaken, because the issue is whether the employer acted with discriminatory animus." Abramson v. William Paterson College of N.J., 260 F.3d 265, 283 (3d Cir. 2001). In support of his claims, Igwe relies on numerous documents memorializing management's decisions with respect to Igwe's poor work performance. Without some other evidence calling into question the veracity of DuPont's evaluation of Igwe's work, however, the documents do not amount to a showing of pretext. See Fuentes v. Parker, 32 F.3d 759, 766 (3d Cir. 1994).

Beyond his own opinion that DuPont treated him wrongfully, unprofessionally, and unfairly, Igwe offers no evidence to rebut the explanations DuPont provided to support its decisions with respect to Igwe's promotion, transfer, merit increase and bonus claims. Igwe may disagree with the wisdom, fairness, or correctness of DuPont's actions, but disagreement, without more, does not rebut DuPont's legitimate non-discriminatory reasons for its actions. Absent any evidence that would undermine

6

DuPont's articulated reasons for its decisions, Igwe cannot show discriminatory animus, and cannot avert summary judgment on his Title VII and § 1981 claims.

Igwe also claimed that DuPont retaliated against him by terminating his Senior Research engineer position and re-assigning him, or demoting him, to the position of Senior Information Specialist at CIS. To make out a retaliation claim under Title VII, a plaintiff must show that: (1) he engaged in a protected employee activity; (2) the employer took an adverse employment action after or contemporaneously with the protected activity; and (3) a causal link exists between the protected activity and the employer's adverse action. See McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). If a plaintiff successfully establishes a prima facie case, the burden then shifts to the defendant to articulate a legitimate, non-discriminatory reason for the adverse action. Id. Here, there is no evidence on this record that Igwe was engaged in protected activity. Employees engage in protected activity under Title VII when they (1) oppose an unlawful employment practice, (2) file a charge of discrimination, or(3) participate in a charge brought by another. 42 U.S.C. § 2003-3a; see also Abramson v. William Paterson College, 260 F.3d 265, 288 (3d Cir. 2001). On appeal, Igwe argues that DuPont demoted him in retaliation for omitting the name of the Director in a patent awarded to Igwe for inventing the "Polyamide/Polyurethane Micro-blend Process." This is simply not the kind of activity that is protected for Title VII purposes. But even assuming that Igwe could make out a prima facie claim of retaliation, he failed to show that DuPont's non-discriminatory reason for terminating his position and re-assigning him to CIS was

7

pretextual.

Finally, contrary to Igwe's assertions, there is no evidence on this record that the District Court was biased.

Accordingly, we will affirm the judgment of the District Court.